# Sheet Metal & Supply Company v. Weger, Appellant.

*Contracts—Breach of contract—Failure to deliver — Set-off — Proof of damages.*

In an action for materials sold and delivered under a contract, which provided for the delivery of certain materials at market prices, the defendant cannot allege as a set-off that he was compelled to purchase the materials in the open market, upon the plaintiff's failure to deliver, where he fails to show any damages resulting from such conduct.    The mere fact that he purchased the materials elsewhere is no proof of loss as, under the terms of the contract, the market prices determined the prices of the materials delivered and, in the absence of any other evidence of damages, there was nothing to substantiate the claim to a set-off.

A vendor is not bound to deliver, under the terms of a contract, where the vendee has failed to make payments, when due, in accordance with the terms and conditions of the agreement.

Argued October 22, 1918. Appeal, No. 100, October
T., 1918, by defendant, from judgment of C. P. No. 3,
Philadelphia Co., June T., 1917, No. 2856, on verdict for
plaintiff in case of Sheet Metal & Supply Company, a
Corporation, v. Harry Weger, trading as The Metal Cor-
nice and Roofing Company. Before ORLADY, P. J., POR-
TER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Af-
firmed.

Assumpsit for goods sold and delivered. Before FER-
GUSON, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff for $918.62 and judgment there-
on. Defendant appealed.

*Errors assigned* were various rulings on evidence and
in directing a verdict for the plaintiff.

*Robert F. Bonner,* for appellant.—The defendant was
entitled to a set-off: Baker v. Gas Co., 157 Pa. 593;
Reel v. Elder, 62 Pa. 308; Dalmas v. Kemble, 215 Pa.
410; American Mfg. Co. v. Morgan Smith Co., 33 Pa.
Superior Ct. 469; Prendle v. Kountz, 15 Pa. Superior Ct.
258; Welsh v. Dick, 236 Pa. 155.

*Percival H. Granger,* and with him *J. Howard Reber,*
for appellee.

OPINION BY PORTER, J., July 17, 1919:

The plaintiff brought this action to recover for goods
sold and delivered. The defendant did not deny he re-
ceived the goods nor the prices to be paid therefor, but set
up a counterclaim, averring that he had suffered damage
by reason of the failure of the plaintiff to deliver other
goods under contracts between them. The plaintiff re-
covered a judgment in the court below and the defendant
appeals. The first, second and fourth assignments of

error, which refer to rulings of the court upon the admission of evidence, are not supported by exceptions taken in the court below and must be disregarded. Nearly all of the goods which the defendant alleged the plaintiff had failed to deliver were to be furnished under a written contract between the parties, under the terms of which the plaintiff agreed to sell and deliver to the defendant goods to the amount of eighty-six hundred ($8,600) dollars, to be used in a building operation of William G. Price at Chester, Pa., a part of the work upon which the defendant was to perform. The contract did not specify the particular goods to be delivered, merely saying that they should be the materials which the defendant required in the operation, "such as galvanized iron, tin, felt, pitch, etc., to the approximate amount of $8,600," nor did it fix the prices which were to be paid for the goods, the covenant as to price being that the plaintiff agreed to sell and deliver the materials of the various kinds required, "at the regular and standard market prices delivered f. o. b. cars at nearest siding in Philadelphia or Chester, Pa." The defendant agreed to pay for the goods the sum of fifty-six hundred ($5,600) dollars in cash from time to time as the said materials were delivered, "at the rate of sixty-five per cent. of the prices thereof," out of moneys to become due to the said Harry Weger from the operation of the said William G. Price and to pay the sum of three thousand ($3,000) dollars by a note of the said William G. Price issued to the plaintiff. It thus appeared that the price to be paid by the defendant was dependent upon the standard market price at the date of delivery; if the plaintiff failed to deliver and the defendant could procure the goods in the market, then he suffered no injury, for the market price which he paid was the same as that which he would have been required to pay to the plaintiff if he had obtained the goods from that source. The defendant admitted that he had obtained the goods in the market, and he made no offer to prove that his work had been delayed

because of inability to procure the goods in the market. His only complaint is that he was forced to go into the market and buy the materials, and he failed to show that he had been compelled to pay more than could have been exacted of him by the plaintiff if it had delivered the goods in accordance with the contract. He did not offer to show that he had been damaged because of the failure of the plaintiff to extend credit in accordance with the terms of the contract. The third, fifth, sixth and seventh specifications of error are overruled.

The defendant attempted to show that certain of the salesmen of the plaintiff had, notwithstanding the express provisions of the written contract, entered into an arrangement with him, at the time orders for delivery were given, fixing prices for the goods which were to be delivered months in the future, but he utterly failed to show any authority of such agents to thus vary the terms of the written contract. The defendant admitted that he had failed to make the cash payments for goods actually delivered in the manner required by the contract. It seems to have been upon all hands admitted in the court below that the plaintiff had shipped a whole carload of material to the defendant while negotiations were pending between them after the failure of the defendant to pay for previous shipments, but the defendant failed to make payment for those shipments in accordance with the terms of the contract, and thereupon the plaintiff declined to deliver the goods. When the defendant failed to pay for the several shipments in accordance with the terms of the contract, the plaintiff was not bound to make further deliveries. The defendant had not only failed to show that he was damaged by the nondelivery of the goods, but the testimony also disclosed that he had failed to pay for the goods which he had received and thus relieved the plaintiff from the obligation to make further deliveries. The specifications of error are dismissed.

The judgment is affirmed.